**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TNESHELA LA TRICE BOYD,** § | |
| **PLAINTIFF,** § | |
| § | |
| **V.** § | **CIVIL CASE NO. 3:23-CV-2882-D-BK** |
| § | |
| **AT&T MOBILITY SERVICES LLC,** § | |
| **ET AL.,** § | |
| **DEFENDANTS.** § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended summary disposition where appropriate. On December 29, 2023, Plaintiff Tneshela La Trice Boyd filed a complaint against her former employer, AT&T Mobility Services LLC, Sales Manager Audrey Rodriguez, Direct Sales Manager Criscella Hernandez, and Sedgwick Claims Management Services. On January 25, 2024, Boyd filed an amended complaint. Doc. 9. The Court then granted Boyd's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Doc. 13. For the reasons that follow, the claims against Rodriguez and Hernandez should be **DISMISSED WITH PREJUDICE** as frivolous.

Because Boyd is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune

from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

Boyd only pleads claims under the Age Discrimination in Employment Act (ADEA) against Rodriguez and Hernandez. Doc. 9-2 at 1. However, individual liability is precluded under the ADEA, as it is under Title VII. *See Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001) ("Likewise, the ADEA provides no basis for individual liability for supervisory employees." (cleaned up and citations omitted)). Therefore, the claims against Rodriguez and Hernandez should be dismissed.

Ordinarily, a *pro se* plaintiff should be given an opportunity to amend her claims prior to dismissal unless she has already pled her best case. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). For the reasons stated *supra*, Boyd's ADEA claims against Rodriguez and Hernandez are deficient as a matter of law and, thus, not curable through amendment. Under these circumstances, granting leave to amend would be futile and cause unnecessary delay.

For these reasons, Boyd's claims against Defendants Rodriguez and Hernandez lack an arguable basis in law and should be **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on March 4, 2024.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).