IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TNESHELA LA TRICE BOYD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:23-CV-2882-D |
| VS. | § | |
| | § | |
| AT&T MOBILITY SERVICES LLC, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this employment discrimination lawsuit alleging claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) and defendant AT&T Mobility Services LLC ("AT&T") moves to dismiss the complaint under Rule 12(b)(6) or, alternatively, for summary judgment. For the reasons that follow, the court grants AT&T's alternative motion for summary judgment, which Sedgwick has incorporated into its motion, and dismisses this action with prejudice by judgment filed today.

I

*Pro se* plaintiff Tneshela La Trice Boyd ("Boyd") alleges in an amended complaint for employment discrimination ("complaint") that she was subjected to age and disability discrimination during her employment with AT&T. According to Boyd's complaint, AT&T

created a hostile work environment by consistently referring to her as "old" and making jokes referencing her "locomotor disability" in front of her peers; that the Direct Sales Manager at AT&T violated the company's harassment policy by failing to follow the guidelines regarding employee harassment complaints; and AT&T, "through its insurer Sedgewick," denied disability benefits during a medical leave for severe extremity surgeries, Am. Compl. (ECF No. 9-2) at 2.

Boyd alleges that she received a Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") on September 25, 2023. She filed the instant lawsuit on December 29, 2023.[1]

On April 2, 2024 AT&T filed a motion to dismiss or, alternatively, motion for summary judgment. On April 30, 2024 Sedgwick filed a motion to dismiss. Boyd has not responded to either motion, and the deadline for doing so has long passed. Accordingly, the court is deciding the motions based on defendants' briefs and Boyd's complaint, without oral argument.

II

AT&T moves for summary judgment on the ground that Boyd's claims are time-barred.

---

[1] In her complaint, Boyd named Audrey Rodriguez and Crisella Hernandez as defendants, but the court on March 26, 2024 dismissed with prejudice Boyd's claims against these defendants and entered final judgments in their favor under Rule 54(b).

A

Because limitations is an affirmative defense and not an element of plaintiff's causes of action, *see* Rule 8(c)(1), AT&T has the burden of proof on this defense. To obtain summary judgment on its defense of limitations, AT&T "must establish 'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that AT&T must demonstrate that there are no genuine and material fact disputes and that it is entitled to judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

B

Under the ADA and the ADEA, a plaintiff has 90 days to bring suit in federal court after receipt of a statutory notice of right to sue from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) (setting forth the 90-day period for Title VII); 42 U.S.C. § 12117(a) (incorporating by reference the procedures applicable to Title VII for actions under the ADA); 29 U.S.C. § 626(e) (establishing 90-day period for actions under the ADEA); *January v. Tex. Dep't of Crim. Justice*, 760 Fed. Appx. 296, 299 (5th Cir. 2019) (per curiam) ("Under Title VII, the ADA, and the ADEA, a plaintiff has ninety days to bring suit in federal court

after receipt of a statutory notice of right to sue from the EEOC."). The 90-day period is treated "as a statute of limitations." *See Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985) ("[C]ommencing an action within ninety days of receipt of a right-to-sue letter is not a jurisdictional prerequisite; rather, the ninety-day requirement is akin to a statute of limitations."); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (characterizing 90-day period under Title VII as a "limitation period"). The 90-day limitations period is "strictly construed," *Taylor*, 296 F.3d at 379 (citing cases), and courts routinely dismiss claims that are filed after the limitations period expires, even if they are filed only one day late, *see, e.g., id.* at 380 ("Because Taylor did not file his complaint until . . . one day beyond the ninety-day period, the district court properly dismissed his claims as untimely."); *Price v. Am. Airlines*, 2024 WL 1078294, at *1 (N.D. Tex. Feb. 26, 2024) (Cureton, J.) ("Plaintiff filed her original Complaint, in this case, on December 1, 2023, ninety-one days after she received the Notice of Right to Sue letter from the EEOC. Consequently, Plaintiff's suit is untimely." (footnote omitted)), *rec. adopted*, 2024 WL 1078238 (N.D. Tex. Mar. 12, 2024) (Pittman, J.).

C

Boyd alleges in her complaint that she received her Notice of Right to Sue Letter on September 25, 2023. She attaches a copy of this letter, which states that it was issued on September 29, 2023. In support of its motion for summary judgment, AT&T has adduced evidence that the EEOC called Boyd on September 15, 2023 to inform her that its investigation had ended, her charge would be dismissed, a notice of right to sue would be

issued, and she would have 90 days to file a lawsuit; that on September 29, 2023 the EEOC emailed Boyd a link to download the notice of right to sue; and that Boyd downloaded the notice of right to sue multiple times that same day. AT&T contends that Boyd's complaint, which was filed 105 days after she received notice that the EEOC had ended its investigation and at least 91 days after she received the Notice of Right to Sue Letter, is time-barred and that summary judgment is warranted.

As noted, Boyd has not responded to AT&T's motion. Although her failure to respond does not permit the court to enter a "default" summary judgment, *see, e.g.*, *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may. . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).

AT&T has introduced undisputed summary judgment evidence that establishes without doubt that Boyd's ADA and ADEA claims are time-barred. Setting aside Boyd's admission that she received the Notice of Right to Sue Letter on September 25, 2023, AT&T

has provided undisputed evidence that Boyd downloaded the Notice of Right to Sue Letter multiple times on September 29, 2023. *See* AT&T App. (ECF No. 23) at 32. Based on this undisputed evidence, the court concludes that AT&T has established beyond peradventure that the 90-day period for filing suit commenced no later than September 29, 2023.[2] Boyd therefore had until December 28, 2023 to file suit on her ADA and ADEA claims. Her lawsuit was filed at least one day too late. Accordingly, the court grants AT&T's alternative motion for summary judgment dismissing Boyd's claims asserted against it.

### III

Although Sedgwick moves for dismissal under Rule 12(b)(6) on the ground that Boyd has not pleaded that Sedgwick was her employer for purposes of her ADA and ADEA claims, it also incorporates the arguments contained in AT&T's brief. *See* Sedgwick Br.

---

[2]Courts within the Fifth Circuit have held that, when a claimant receives notice that the right to sue has been issued through means other than mail, the 90-day period commences regardless of whether the letter has been received. *See, e.g.*, *Straughn v. Tex. Powertrain Assembly, LLC*, 2014 WL 5426489, at *6 (W.D. Tex. Oct. 22, 2014) ("Although the right-to-sue letter most commonly triggers the statutory time requirement, courts within the Fifth Circuit have found that any form of notice is sufficient to trigger the ninety days. Therefore, if a plaintiff receives oral notice from an EEOC officer that notice of right to sue has been issued, the ninety days will commence." (citations omitted)); *Taylor v. Cnty. Bancshares, Inc.*, 325 F.Supp.2d 755, 764-65 (E.D. Tex. 2004) ("[W]hen the plaintiff receives actual notice by other means, such as being told by an EEOC representative that a right-to-sue letter has been issued, the ninety-day limitations period commences without regard to whether the letter has actually been received at that time."); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 741 (S.D. Tex. 2003) ("Although the notice by the EEOC may take the form of a right to sue letter, there is no such statutory requirement. The statute merely requires the EEOC to '*notify* the person aggrieved' of the dismissal of a charge; it does not direct that notice be received in any specific manner." (citations and some internal quotation marks omitted)).

(ECF No. 28) at 3 n.2 ("If the Court somehow does find that Boyd has alleged that she was either an applicant or an employee of Sedgwick, her claims should still be dismissed for the same reasons laid out in AT&T's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which Sedgwick incorporates herein."). AT&T has established beyond peradventure that Boyd's ADA and ADEA claims are time-barred. Accordingly, because Sedgwick has incorporated AT&T's arguments, and AT&T has demonstrated that it is entitled to summary judgment, Sedgwick is likewise entitled to summary judgment on the ground that Boyd's ADA and ADEA claims are time-barred.

\* \* \*

Accordingly, for the reasons explained, the court grants AT&T's alternative motion for summary judgment, which Sedgwick has incorporated, and dismisses this action with prejudice as to both AT&T and Sedgwick by judgment filed today.

**SO ORDERED**.

August 27, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE